# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WARREN JEROME WHITE,** | ) | **CASE NO. 7:19CV00047** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DANVILLE CIRCUIT COURT,** | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

Warren Jerome White, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement on a judgment by the Danville Circuit Court. After review of the record, I conclude that the petition is properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and petitioner has not fully exhausted his state court remedies before filing this federal habeas petition. Therefore, I will dismiss the petition without prejudice.

Although petitioner styles his application as a petition for writ of habeas corpus under 28 U.S.C. § 2241, it is apparent from review of his petition that he seeks to overturn his convictions by the Danville Circuit Court. Because he seeks to attack the validity of his conviction as opposed to the execution of the sentence, I will construe the petition as being brought under § 2254. *See e.g.*, *Thomas v. Crosby*, 371 F.3d 782, 784-86 (11th Cir. 2004) (discussing interplay between 28 U.S.C. §§ 2241, 2254, and 2255); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (habeas review is available under § 2241 when an inmate seeks to attack the execution of a sentence, rather than collaterally attack the validity of a conviction and sentence, an action properly brought pursuant to § 2254).

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest

state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row felon must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider the claims. *See* Va. Code § 8.01-654. Petitioner fails to establish that he has presented his claims to the Supreme Court of Virginia[1] and, therefore, I will dismiss his habeas petition without prejudice.

**ENTER:** This 15th day of February, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] White asserts that the Danville Circuit Court sentenced him on October 25, 2018 and that he has not appealed.